UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

AMY VALENTINE,

              Plaintiff,

                              ORDER

      - against -

                              CV 2015-6620 (ARR)(MDG)

NATIONAL RECOVERY AGENCY,

              Defendant.

- - - - - - - - - - - - - - - - - - X

Go, United States Magistrate Judge:

    Pro se plaintiff Amy Valentine ("plaintiff") brings this action against defendant National Recovery Agency asserting claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. On January 6, 2016, this Court issued an order directing plaintiff to move for entry of default against defendant by January 27, 2016 because defendant's time to answer had expired. In fact, for the reasons discussed below, defendant's deadline to answer or otherwise respond to the complaint is January 25, 2016. Accordingly, this Court's January 6, 2016 order is hereby vacated.

    On November 19, 2015, the Court granted plaintiff's application to proceed in forma pauperis and directed the United States Marshals Service to serve the summons and complaint upon the defendant. See ct. doc. 4. The return of service of the U.S. Marshals Service filed on December 15, 2015 (ct. doc. 6) indicates that process was mailed on November 24, 2015, and that

defendant responded by mail on December 1, 2015.  Id.  The acknowledgment of service filed herein indicates that an attorney from defendant signed an acknowledgment of receipt of summons and complaint on a form entitled "Notice and Acknowledgment of Receipt of Summons and Complaint by Mail" (the "Notice") on December 1, 2015.  See id.  The Notice states that "[t]he enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and New York State law."  Id.  The Notice also instructs that "[i]f you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days . . ."  Id.

However, in this Court's view, the waiver of service here is governed by Rule 4(d) of the Federal Rules of Civil Procedure. See Manson v. Simply Food LIC LLC, 2010 WL 376644 (E.D.N.Y. 2010).  This rule permits the plaintiff to notify a defendant that an action has been commenced and request that the defendant waive service of process.  See Fed. R. Civ. P. 4(d)(1).  As an incentive for the defendant to waive service, the Rule affords a defendant who returns the waiver form 60 days from the time the request was sent to serve an answer.  See Fed. R. Civ. P. 4(d)(3).  Therefore, defendant's answer is due 60 days from the date of mailing of process (11/24/15), which would be January 23, 2016.  Since January 23rd is a Saturday, defendant must file its answer or otherwise respond to the complaint by January 25, 2016.

See Fed. R. Civ. P. 6(a)(1)(C).  If defendant fails to do so, then plaintiff must move for entry of default and, if appropriate, for default judgment, according to the procedures discussed in this Court's January 6, 2016 order.

**SO ORDERED.**

Dated:    Brooklyn, New York
         January 19, 2016

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE